**Reversed and Remanded and Majority and Concurring Opinions filed March 28, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00631-CR

---

**LATORA BRIMZY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1604631**

---

### CONCURRING OPINION

I respectfully concur because I think this case is controlled by *Stanfield v. State*, 718 S.W.2d 734 (Tex. Crim. App. 1986). In *Stanfield*, the Court of Criminal Appeals ignored the plain language of the predecessor statute. Similarly, this court is ignoring the plain language of the current statute, citing *Stanfield*, legislative history, the absurdity doctrine, and *Bearden v. Georgia*, 461 U.S. 660 (1983).

It was undisputed that appellant failed to attend an anger management course and failed to attend therapy—two other conditions of community supervision not implicating the payment of fees. Yet *Bearden* controls where payment of fees is the *only* issue. "But a probationer who has made sufficient bona fide efforts to pay his fine and restitution, *and who has complied with the other conditions of probation*, has demonstrated a willingness to pay his debt to society and an ability to conform his conduct to social norms." 461 U.S. at 670 (emphasis added).

If nonpayment of fees is *not* the only issue, why then does the majority include *Bearden* in its analysis? Unfortunately, the trial judge only made one finding in the judgment. If appellant had made a constitutional objection below, it is quite probable that the trial judge would have included the undisputed violation of the other conditions in the judgment.

If there is no *Bearden* violation, then the majority—through its rewrite of the statute—has made the statute more protective than the Constitution. That seems contrary to the plain terms of the statute.

/s/     Tracy Christopher
        Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

Publish — Tex. R. App. P. 47.2(b).

2